**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ZORA LABS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>        Defendant. | PROTECTIVE ORDER<br><br><br>Civil Action No. 1:25-cv-04930-AS |

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Highly Confidential –

1

Attorneys' Eyes Only or Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only only such portion of such material that, if disclosed, is likely to cause substantial risk of serious harm, including material and significant competitive or commercial harm, that could not be avoided by less restrictive means. Highly Confidential – Attorneys' Eyes Only includes:

a.    trade secrets;

b.    terms, proposed terms, or negotiating positions (including internal deliberations) of non-public, commercially sensitive contracts or agreements;

c.    evaluation of the strengths and vulnerabilities of product or service offerings;

d.    nonpublic business plans and product development information or planning;

e.    client lists and confidential client data, including customer quotations and customer orders;

f.    Any other category of information hereinafter given Highly Confidential – Attorneys' Eyes Only status by the Court.

3.    The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. nonpublic marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

4. With respect to the Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Highly Confidential – Attorneys' Eyes Only by stamping or otherwise clearly marking as Highly Confidential – Attorneys' Eyes Only the protected portion in a manner that will not interfere with the legibility or audibility. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that the deposition includes Highly Confidential – Attorneys' Eyes Only or Confidential information, in which case the transcript of the designated testimony

3

shall be bound in a separate volume and marked "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order" or "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Highly Confidential – Attorneys' Eyes Only or Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Highly Confidential – Attorneys' Eyes Only or Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

a. Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as Attorneys, paralegals, legal clerks, legal secretaries, technical advisors, or other assistants that such outside litigation counsel of record assigns to this matter, provided that such employees abide by the restrictions of this Protective Order;

b. as to any document, its author, its addressee(s), and any other person(s) indicated on the face of the document as having received a copy, or other person who possessed or knew the information therein;

4

c.      any person retained by a party to serve as a mediator that the parties engage or that the Court appoints in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d.      any independent expert or independent consultant retained by a party to provide specialized advice to counsel in connection with this action, and to whom disclosure is reasonably necessary for this litigation, and who have signed a copy of the attached Non-Disclosure Agreement, and including any associates or analysts working under the supervision of such independent experts, under the conditions set forth in this paragraph;

e.      professional vendors for copy or imaging services;

f.      persons or firms retained for the purpose of litigation support, e.g., interpreting or translating, and preparing exhibits or demonstratives, document-management consultants; jury consultants; mock jurors; and trial consultants; ligation ("hot seat") technicians, etc. provided that counsel for the party retaining such persons or firms instructs them not to disclose any Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material to third parties and to immediately return all original and copies of any Confidential or Highly Confidential-Attorneys' Eyes Only Discovery Material at the conclusion of their services or this litigation; to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

g.      stenographers or videographers engaged to transcribe or record depositions conducted in this action; and the Court and its support personnel.

7.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.      the parties to this action;

b.      The persons described in and under the respective conditions set forth in Sections 6(a) through 6(g), above;

c.      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

8.      For avoidance of doubt, nothing in this Protective Order will bar outside counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential or Highly Confidential – Attorneys' Eyes Only, provided that the contents of the information are not disclosed except as permitted by this Protective Order.  Further, the restrictions or obligations of this Protective Order will not be deemed to prohibit discussion of any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material with anyone if that person already has or obtains legitimate possession of that information.

9.      All Highly Confidential – Attorneys' Eyes Only or Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with

6

the Court that disclose such Highly Confidential – Attorneys' Eyes Only or Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also, within seven days, publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Highly Confidential – Attorneys' Eyes Only or Confidential Discovery Material itself, and not text that in no material way reveals the Highly Confidential – Attorneys' Eyes Only or Confidential Discovery Material.

10.    Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

7

12.    Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential - Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.    If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.    As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.  The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

18.  To the extent that discovery or testimony is taken of third parties, the third parties may designate as Confidential or Highly Confidential – Attorneys' Eyes Only any documents, information or other material, in whole or in part, produced or given by such third parties pursuant to this Protective Order.

19.  A party that receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days of receipt.

20.  This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, inclusive of any appeals, all Discovery Material designated as Highly Confidential – Attorneys' Eyes Only or Confidential, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, outside counsel are entitled to retain an archival copy of all communications; pleadings and motion papers; trial, deposition, and hearing transcripts; legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Highly Confidential – Attorneys' Eyes Only or Confidential Discovery Material. Any such archival copies that contain or constitute Highly Confidential – Attorneys' Eyes Only or Confidential material remain subject to this Protective Order. The confidentiality obligations imposed by this Protective Order shall remain

in effect until a designating party agrees otherwise in writing, or a court orders otherwise.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. This Protective Order may be modified by the Court, or by agreement of the parties, subject to the approval of the Court.

**SO STIPULATED AND AGREED.**

_/s/ Merri Moken_

Dated:   March 26, 2026

_/s/Kristen McCallion_

Dated:   March 26, 2026

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated:       New York, New York

March 27, 2026

10

**UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF NEW YORK**

ZORA LABS, INC.,

　　　　　　　　Plaintiff,

v.

DELOITTE CONSULTING LLP,

　　　　　　　　Defendant.

**NON-DISCLOSURE AGREEMENT**

Civil Action No. 1:25-cv-04930-AS

I,＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, or to the extent applicable, Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ＿＿＿＿＿＿＿＿＿＿　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿